UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROSE THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:15CV314 HEA |
| ) | |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's request for judicial review under 42 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's application for disability insurance benefits under Title II of the Social Security Act (Act), 42 U.S.C. §§ 401-434. For the reasons set forth below, the Court will affirm the Commissioner's denial of Plaintiff's application.

### Facts and Background

On April 3, 2013, Administrative Law Judge Mary Ann Poulose conducted a hearing. Plaintiff appeared in person and the Vocational Expert appeared via telephone. Plaintiff was born on February 8, 1959. She was 54 years old at the time of the hearing. Plaintiff did complete high school. Plaintiff had past work experience as a mail clerk.

Plaintiff testified that she cannot lift over her head and has a hard time doing her hair because she cannot reach behind due to pain and stiffness in her shoulders. She also testified that she cannot lift a 24 can case of soda or a gallon of milk.

Plaintiff resided alone in a two family building with her cousin living in the other upstairs unit. Plaintiff has had surgery on both of her rotator cuffs. The second surgery was necessary due to over working her right shoulder to compensate for the lack of ability in her left shoulder. She does her own chores such as cooking, grocery shopping, and laundry. Plaintiff pays her nephew to do the sweeping. Plaintiff attends her church, which is about five minutes from her home.

The ALJ also secured testimony of Cheryl R. Hoyset, a Vocational Expert. The ALJ found Plaintiff to be disabled from March 9, 2010 through April 23, 2012, but not disabled beyond April 23, 2012. The ALJ found Plaintiff had the severe impairments of left shoulder rotator cuff tear and frozen shoulder status post surgeries resulting in a right shoulder adhesive capsulitis and partial rotator cuff tear status post-surgery. The ALJ also found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520 (d), 404.1525, 404.1526.

The Appeals Council denied Plaintiff's request for review on December 24, 2014. The decision of the ALJ is now the final decision for review by this court.

**Statement of Issues**

The issues in a Social Security case are whether the final decision of the Commissioner is consistent with the Social Security Act, regulations, and applicable case law, and whether the findings of fact by the ALJ are supported by substantial evidence on the record as a whole. Here the Plaintiff asserts the ALJ's Residual Functional Capacity determination was not supported by the evidence and the finding of improvement as of 4/24/2012 was incorrect; that the ALJ failed to properly evaluate and set forth sufficient reasons for the credibility determination; and the testimony of the vocational expert was inconsistent with the Dictionary of Occupational Titles and Selected Characteristics of Occupations and the ALJ failed to properly resolve the inconsistency.

**Standard for Determining Disability**

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not

only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611.  At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the

ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a)(1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e). At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a) (4) (iv), 404.1520(f), 416.920(a) (4) (iv), 416.920(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. Id... At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a

significant number of jobs within the national economy. *Id.; Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

**RFC**

A claimant's Residual Functional Capacity (RFC) is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

A claimant's subjective complaints may not be disregarded solely because the objective medical evidence does not fully support them. The absence of objective medical evidence is just one factor to be considered in evaluating the claimant's credibility and complaints. The ALJ must fully consider all of the

significant number of jobs within the national economy. *Id.; Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

**RFC**

A claimant's Residual Functional Capacity (RFC) is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and medical treatment; and the claimant's self-imposed restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

A claimant's subjective complaints may not be disregarded solely because the objective medical evidence does not fully support them. The absence of objective medical evidence is just one factor to be considered in evaluating the claimant's credibility and complaints. The ALJ must fully consider all of the

evidence presented relating to subjective complaints, including the claimant's prior work record and observations by third parties and treating and examining physicians relating to such matters as:

(1) The claimant's daily activities;

(2) The subjective evidence of the duration, frequency, and intensity of the claimant's pain;

(3) Any precipitating or aggravating factors;

(4) The dosage, effectiveness, and side effects of any medication; and

(5) The claimant's functional restrictions.

Although the ALJ bears the primary responsibility for assessing a claimant's RFC based on all relevant evidence, a claimant's RFC is a medical question. *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir.2001) (citing *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir.2001)). Therefore, an ALJ is required to consider at least some supporting evidence from a medical professional. See *Lauer*, 245 F.3d at 704 (some medical evidence must support the determination of the claimant's RFC); *Casey v. Astrue*, 503 F .3d 687, 697 (the RFC is ultimately a medical question that must find at least some support in the medical evidence in the record). An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir.2006).

The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the claimant's complaints. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir.2005). "It is not enough that the record contains inconsistencies; the ALJ must specifically demonstrate that he considered all of the evidence." *Id*. The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir.2004). The ALJ need only acknowledge and consider those factors. *Id*. Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir.1988). The burden of persuasion to prove disability and demonstrate RFC remains on the claimant. *See Steed v. Astrue*, 524 F.3d 872, 876 (8th Cir. 2008).

**ALJ Decision**

The ALJ here utilized the five-step analysis as required in these cases. The ALJ determined at Step One that Plaintiff had not engaged in substantial gainful activity since March 9, 2010. The ALJ found at Step Two that from March 9, 2010 through April 23, 2012, Plaintiff was under a disability, and Plaintiff had the severe impairments of left shoulder rotator cuff tear and frozen shoulder status post surgeries resulting in a right shoulder adhesive capsulitis and partial rotator cuff tear status post-surgery.

At Step Three, the ALJ found that Plaintiff did not suffer from an impairment or combination of impairments that meets or medically equal the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (404.1520(d), 404.1525, 404.1526).

As required, prior to Step Four, the ALJ determined that Plaintiff had the residual functional capacity to perform sedentary work except without overhead lifting. From March 9, 2010 through April 23, 2012, Plaintiff was unable to perform any past relevant work. Medical improvement occurred as of April 24, 2012, and the ALJ found that Plaintiff's disability ended on April 24, 2012.

At Step Four it was the finding of the ALJ that Plaintiff was not capable of performing past relevant work as a mail processing clerk. Plaintiff's medical improvement that occurred was found to be relevant to the ability to work because there was an increase in Plaintiff's RFC. The ALJ found Plaintiff's RFC beginning April 24, 2012 to be the ability to perform a full range of work at all exertional levels but with the nonexertional limitation of the inability to engage in overhead reaching.

Step Five the ALJ concluded that considering the Plaintiff's age, education, work experience, and residual functional capacity, there are other jobs that exist in significant numbers in the national economy that Plaintiff also can perform, such as office helper, information clerk and food service worker. The ALJ, therefore,

found Plaintiff not disabled after April 23, 2012, and denied the benefits sought in the Application.

## Judicial Review Standard

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers evidence that supports that decision and evidence that detracts from that decision. *Id.* However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d

860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)).

Courts should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006). The Eighth Circuit has repeatedly held that a court should "defer heavily to the findings and conclusions" of the Social Security Administration. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

## Discussion

Plaintiff asserts the ALJ did not properly determine that there has been medical improvement. Medical improvement is defined as the decrease in the medical severity of impairments that were present at the time of the most favorable medical decision that the Plaintiff was disabled or continued to be disabled. 20 C.F.R. § 404.159(B)(1). In determining medical improvement, the severity of Plaintiff's current condition is compared with the severity of her condition as of the date upon which Plaintiff was last determined to be disabled. 20 C.F.R. § 404.1594(b)(7). Once it has been established that there has been a medical improvement, the Commissioner must determine whether Plaintiff has the RFC to perform her past work. 20 C.F.R. § 404.1594(f)(7). If she is able to do so, the claimant's disability will be found to have ended. *Id.* If Plaintiff cannot engage in

her past relevant work, the Commissioner must consider whether Plaintiff can perform other jobs with her current RFC. 20 C.F.R. § 404.1594(f)(8).

Review of the transcript, record evidence, and decision of the ALJ yields a conclusion wholly contrary to Plaintiff's position.

The record sets out the medical evidence upon which the ALJ relied. Plaintiff's physician released her to work without restriction on April 24, 2012. Subsequent to Plaintiff's surgeries and prior to the medical release, Plaintiff participated in physical therapy with good results. She gained range of motion and strength, but did have stiffness and pain. Dr. Lehman found on March 29, 2012 that Plaintiff was doing extremely well and exhibited normal postural and general trunk strength, improved range of motion and no evidence of motor mechanical loss. Dr. Lehman recommended Plaintiff work for a week with a lifting restriction and without repetitive overhead work, but thereafter could work without restriction. On April 24, 2012, Plaintiff's office visit to Dr. Lehman revealed full range of motion in both shoulders and excellent strides mechanically.

Plaintiff's medical records after this determination provide further support for the medical improvement finding. In May, 2012, Dr. Lehman rated Plaintiff at an eight per cent loss of left shoulder function and a minimal loss of the right shoulder function.

Plaintiff did report some shoulder and neck pain in subsequent visits to Dr. Lehman, however, in April, 2013, Plaintiff was not taking any prescription medication for pain.

The record here substantially supports the ALJ's RFC determination based on Plaintiff's medical improvement.

Plaintiff contends that the ALJ failed to properly evaluate and set forth sufficient reasons for the credibility determination. Quite the contrary. The ALJ analyzed each of Plaintiff's activities and her ability to perform household tasks. Plaintiff admittedly could drive, shop, do laundry, and attend church services, for example. Plaintiff simply is unable to perform tasks involving overhead reaching; an action for which the ALJ's determination accounts and restricts Plaintiff in the jobs that are available in the national economy. The ALJ accounted for Plaintiff's pain when she is performing overhead reaching and excluded that task from her determination. Moreover, during the time when Plaintiff was undergoing surgery and recovery therefrom, the ALJ recognized and found that Plaintiff was indeed disabled and could not work. When Plaintiff's condition had medically improved, as fully developed in the record, the ALJ adhered to her duty to assess Plaintiff's abilities.

Plaintiff also argues that the inconsistency between the Dictionary of Occupational Titles and jobs identified by the vocational expert was not properly

resolved. However, as the Commissioner points out that the VE did indeed explain: the DOT dos not distinguish between overhead reaching and reaching in various other directions. Additionally, in the VE's experience, the types of jobs she articulated based on Plaintiff's abilities are jobs in which overhead reaching is not prevalent. Clearly, an explanation of any possible conflict was presented.

After careful review, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole. The decision will be affirmed. *Perkins v. Astrue,* 648 F.3d 892, 900 (8th Cir.2011); *Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001).

The ALJ's clear and specific opinion is supported by substantial evidence in the record, and therefore must be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is **Affirmed**.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 21st day of March, 2016.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE